EDGEWOOD DISTILLING COMPANY v. RUGG.

Opinion delivered April 17, 1911.

1. EXECUTIONS—REDEMPTION FROM SALE.—Under Kirby's Digest, § § 3294-6, authorizing a judgment creditor to redeem the debtor's land by paying to the officer the amount of the purchaser's bid, with 15 per cent. thereon per annum, and authorizing the execution purchaser to bar such redemption by paying same amount to the officer, the officer to whom the payment is to be made is the sheriff who holds the execution, and not the clerk to whom the execution is returnable. (Page 591.)

2. ESTOPPEL—ACQUIESCENCE.—Where an execution purchaser, with the acquiescence of the attorney for a judgment-creditor who sought to redeem the debtor's land from such execution sale, paid the amount of such judgment-creditor's bid to the clerk, instead of to the sheriff, in order to bar such redemption, the judgment-creditor will be estopped to assert that the statute had not been complied with. (Page 593.)

Appeal from Garland Chancery Court; *Alphonzo Curl,* Chancellor; affirmed.

*J. B. Wood,* for appellant.

1. The right of redemption, being purely statutory, must be exercised in the manner prescribed by the statute. 17 Am. & Eng. Enc. of L. 1034; 17 Cyc. 1335; 71 Am. Dec. 268; 132

Fed. 417; 21 Cent. Dig. tit. "Executions," § 861, cases cited; 23 Barb. 278; 34 N. Y. 225; 56 N. Y. 507; 68 N. Y. 473; 28 Ark. 359; 31 Ark. 334, 339; 40 Ark. 124; 41 Ark. 57, 61; 30 Ark. 720; 69 Ark. 591; 55 Ark. 30; 70 Ark. 410; *Id.* 326; 71 Ark. 318, 322; 84 Ark. 208; 57 Ark. 195. The sheriff and not the clerk is the proper officer to whom a judgment creditor's bid for the redemption of land sold under execution should be paid. Kirby's Dig. § § 3294, 3295, 3296, 3298, 3293.

2. Appellee's mistake was one of law, and a court of equity will not relieve against such mistakes. 17 Cyc. 73; 67 Pac. 982; 13 Ark. 128; 46 Ark. 178; 86 Pac. 7; 52 S. E. 653; 16 Cyc. 74, 75.

*Greaves & Martin,* for appellee.

1. The money was properly paid by the purchaser to the clerk rather than to the sheriff. Kirby's Dig. § § 3292 to 3296 inclusive; Black on Interpretation of Laws, Hornbook Series, 56; 39 Am. St. Rep. 234.

2. If it be held that the statutes require the money to be paid to the sheriff and not to the clerk, equity will, in this case, grant to the purchaser relief, because, the statute being vague and ambiguous and as yet not judicially construed by this court, he has in good faith done all in his power to comply with it and within the time required by law. Moreover, appellant's solicitor was present at the time the money was paid to the clerk and had knowledge of sufficient facts to give him notice that it was so paid. Appellant could not have been misled. 17 Am. & Eng. Enc. of L. 1036; 67 Pac. 982.

3. As to when equity will grant relief against mistakes of law, see 2 Pomeroy's Eq. Jur. § 844; 16 Am. Dec. 667, 669; 13 Ark. 128-135; 55 Am. St. Rep. 488; 43 *Id.* 508-512; 5 *Id.* 816; 51 *Id.* 767; 30 *Id.* 458-461.

McCulloch, C. J. The controversy in this case is between a purchaser of land at an execution sale and a judgment creditor of the original owner as to redemption from the sale. The statute on the subject provides, in substance, that where land has been sold under execution, another judgment creditor of the original owner may, within twelve months after the sale, redeem the land by paying the amount of the purchaser's bid, together with 15 per centum thereon from date of sale, and all charges thereon, and by offering to credit on his judgment, as his bid.

for the land, a sum equal to at least 10 per centum of the amount for which the land sold; that, unless the purchaser shall within a certain time pay to the proper officer the amount so bid by the judgment creditor, the same shall operate as a redemption, and the judgment creditor shall succeed to all the rights of the purchaser, but that if the purchaser shall, within the time allowed, pay to the proper officer the amount so bid by the judgment creditor it shall bar such redemption.

Appellee, D. C. Rugg, purchased the property in controversy at a sale under execution against one Mazzia. Appellant was a judgment creditor of Mazzia, and redeemed the property in accordance with the terms of the statute. Appellee then, within the time allowed by statute, attempted to bar the redemption by paying to the clerk of the court whence both executions were issued the amount of appellant's bid.

Appellant insists that the payment, in order to be effectual, should have been made to the sheriff who held the execution, instead of the clerk. The statute on this subject reads as follows:

"Sec. 3294. At any time before the expiration of twelve months from the sale of any land under the provisions of this chapter, which has not been redeemed, any judgment creditor may redeem the same in the manner following: such judgment creditor shall sue out an execution upon his judgment, and place the same in the hands of the proper officer, and pay to said officer the amount for which said premises were sold and fifteen per cent. per annum thereon from the date of such sale, and all charges thereon, for the use of the purchaser, and shall offer to credit his execution with a sum at least equal to ten per cent. of the amount for which said land sold, which offer shall be regarded as his bid; all of which shall be indorsed upon said execution, and a statement thereof filed with the execution upon which the land was sold; whereupon the clerk shall indorse in the proper place upon the execution book that such creditor has bid for the redemption of such property, which shall be dated, and may be in substance as follows:

" 'A. B., a judgment creditor bids ———— dollars for the redemption of the property sold on this execution.'

"Sec. 3295. Unless the purchaser, within thirty days from the filing of the statement and the making of the indorsement

mentioned in the preceding section, pay to the officer the amount so bid by the judgment creditor, the same shall operate as a redemption of said property by such judgment creditor, and he shall succeed to all the rights and liabilities of such purchaser. But if such purchaser shall pay to such officer, within the time allowed, the amount so bid by the judgment creditor, it shall bar such redemption; and the right of redemption of such judgment creditor, as against the purchaser or any one redeeming from him, shall be forever foreclosed. But if the purchaser shall fail to pay over to the officer the amount of such bid, as provided in this section, the officer shall pay over to the purchaser the amount so paid by the judgment creditor, and credit the execution of the judgment creditor with the amount so bid by him, after deducting costs and commission, and shall execute to him a certificate of sale, in which shall be included, as the price paid, the amount paid to the purchaser and the amount of the bid of such judgment creditor; and such judgment creditor shall, for all purposes of this chapter, be regarded as the purchaser of said property at the price mentioned in the certificate to him, and any other judgment creditor may in like manner redeem from him, or each succeeding judgment creditor who may redeem under the provisions of this section; but no such redemption shall be allowed after twelve months from the day of the original sale.

"Sec. 3296. If any purchaser shall pay the amount bid by the judgment creditor, the officer shall pay the same to such judgment creditor, together with the amount paid by such judgment creditor to the officer. The right of redemption shall be in the order of priority of judgment; but if any judgment creditor shall, for thirty days after a sale or redemption upon a judgment prior to his, fail to pay off prior bids, and bid for the redemption of such property, as provided in this chapter, he shall be deemed to have waived his priority as against others who have complied with the provisions of this chapter."

We conclude that the sheriff who holds the execution of the judgment creditor, and to whom the latter has paid the amount due the purchaser in redemption, is the officer who is to receive from the purchaser the amount of the bid of the judgment creditor. He still holds, at that time, the money paid into his hands by the judgment creditor, to await the expiration of the time

allowed the purchaser, either to accept the redemption money or to pay to the officer the amount of the bid of the judgment creditor, in which latter case the officer pays back to the judgment creditor the amount of the redemption money which has been paid to him for the purchaser, and also pays over to the judgment creditor the amount of his bid which has been paid by the purchaser. Reading the above quoted sections together, the conclusion is irresistible that the sheriff is the proper officer to receive the money.

Counsel for appellee argue that the clerk of the court is the officer referred to in the statute to receive the payment; for, as they say, the statute requires the sheriff to return the execution immediately. so that the clerk can make the indorsement specified in section 3294 on the execution book. They are mistaken, however, in this construction of the statute. The statute does not require an immediate return of the execution, but it requires the officer to indorse the bid of the judgment creditor on the execution and to file a statement thereof "with the execution upon which the land was sold." From this statement the clerk obtains his direction to make the indorsement on the execution book and not from the return on the execution, for the execution may still be in the hands of the sheriff.

The payment by the appellee was not made to the proper officer, but it does not follow that appellant can, under the circumstances, decline to accept the money and assert that its redemption was not barred. Appellee consulted an attorney, who advised him it was doubtful, under the statute, which officer was authorized to receive the money, but that he thought the clerk was the proper officer to receive it. Appellee then went to the clerk's office for the purpose of paying the money, and found appellant's attorney there, who saw him hand the check to the clerk for the amount. Appellee asked the attorney if he would make any objection to a check being used, instead of currency, and he replied in the negative. The attorney testified that he saw appellee deliver the check to the clerk and agreed that the check could be used, instead of currency, but that he did not know at the time whether the check was payable to the clerk or to the sheriff. He said nothing to appellee about the check being delivered to the wrong officer. We think that under those cir-

cumstances appellant is estopped by the conduct of his attorney to assert that the payment was to the wrong officer. It was done in his presence, and the circumstances called on him to speak if he expected to take advantage of the fact that the payment was not being made to the proper officer. His silence, when he should have spoken, must be treated as an approval of the payment, or at least, as acquiescence in the method of payment, which estops appellant to assert it was not the regular method of payment. It is true that redemption statutes must, ordinarily, be strictly followed in order to gain an advantage which they afford; but this case was tried in a court of equity, and we perceive no reason why settled principles of equity may not be applied in this matter to work an estoppel where a party has kept silent when he should have spoken. After all, the purpose of the statute is to require the payment of the money to a responsible officer, where it may be safely kept until the judgment creditor calls for it, and where he is informed that it is in waiting for him. If, by his conduct, he induces the purchaser to pay the money to the wrong officer, or, being present when the payment is made, he acquiesces in the payment to the wrong officer, he cannot be heard, at least in a court of equity, to complain. It is undisputed that the money is in the hands of the clerk, ready to be paid over to appellant when the latter is willing to accept it. A court of equity will not dispense with the plain requirements of the statute respecting redemption of lands from execution sale, nor will it sanction a mode of redemption not authorized by statute, but a party may, by his conduct, estop himself to assert that the terms of the statute have not been complied with. For these reasons we think the decree of the chancellor is correct, and the same is affirmed.

WOOD, J., disqualified; KIRBY, J., dissents.